UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ROBERT C. WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.   15-cv-1505 |
| ) | |
| J. KRUEGER, Warden ) | |
| ) | |
| Respondent. ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner Robert White's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. 1).  Petitioner, who is currently incarcerated at FCI-Pekin, seeks relief from abuse by staff and other inmates, and also seeks to have a disciplinary incident expunged from his record. (Doc. 1 at 8). As explained in greater detail below, Petitioner's complaints about prison conditions are not cognizable habeas claims, and the Petition does not currently include sufficient details regarding the proceedings following the disciplinary incident. For that reason, the Court will dismiss some claims and provide Petitioner with an opportunity to file an amended petition.

### BACKGROUND

On November 19, 2003, Petitioner was sentenced to 292 months imprisonment for distributing crack and 120 months' imprisonment for possessing a firearm after being convicted of a felony, to be served concurrently. *White v. United States*, 273 F. App'x 559, 561-62 (7th Cir. 2008); (*United States v. White*, Case No. 00-cr1017-1 (N.D. Ill. Nov. 19, 2003)). It appears from his Petition that he has

served his sentence in a variety institutions administered by the Federal Bureau of Prisons, including FCI Terre Haute (Doc. 1 at 12, 13, 14), FCI Coleman (*id.* at 17), FCI Phoenix (*id.* at 22), FCI Lompoc (*id.* at 18), FCI El Reno (*id.* at 19), and now FCI Pekin. (*Id.* at 1).

He complains that throughout his time in the custody of the Federal Bureau of Prisons, BOP staff members have written false reports about him. (*See id.* at 2, 20-22). He asserts that he has been the victim of assault at every prison he has arrived at. (*Id.* at 20). Most times, he says he was assaulted by other inmates, and prison staff subsequently covered up those assaults by writing false reports that identified him as the aggressor. (*See id.*). He believes that members of the prisons' staff have conspired with inmates, and are ultimately responsible for the various assaults on him committed by those other inmates. (*See id.* at 22, 24). Furthermore, he believes that the Bureau of Prisons has violated his Fifth Amendment right to due process by failing to respond to his request for administrative remedies that detailed these complaints. (*Id.* at 21). Altogether, he argues that this behavior by prison staff has been retaliatory, malicious, vindictive, unprofessional, and has amounted to racial discrimination. (*Id.* at 8). He asks to be transferred to a protective program. (*Id.*).

Petitioner also requests that the Court expunge a disciplinary incident from his record. (*Id.*). On May 16, 2011, Petitioner was charged with fighting another inmate, which is a violation of the Bureau of Prison's disciplinary code. *See* 28 C.F.R. § 541.3, Table 1, Offense 201. (*Id.* at 23). According to the incident report, a member of the prison's staff who was observing inmates walking to the dining hall

for an evening meal saw Petitioner strike another inmate "with a closed fist to the upper torso area." (*Id.*). That inmate then pushed Petitioner to the ground and began to kick and punch him. (*Id.*). On June 17, 2011, a Disciplinary Hearing Officer determined that Petitioner had violated the disciplinary code by fighting, but it is not obvious from the Petition how he was disciplined. (*See id.* at 13-16, 23). Petitioner argues that the disciplinary hearing officer denied him due process by failing to consider camera evidence. (*Id.* at 2).

Petitioner filed appeal of the disciplinary hearing officer's decision on June 22, 2011. (*Id.* at 17). In it, he challenged the evidence presented against him, and further challenged the fact that the report "never made any mention of camera being reviewed." (*Id.*). In denying his appeal, the Regional Director provided reasons why review of the video tape was unnecessary, and also noted that Petitioner "never asked to review any videotape" at his hearing. (*Id.* at 16).

Petitioner then filed appeals with the central office. (*Id.* at 13-14). In his August 25, 2011 appeal (which he supplemented on September 22, 2011), Petitioner argued that the disciplinary hearing officer should have reviewed the videotape of the incident because the observing staff member's account of the incident was not trustworthy. (*Id.* at 13). He stated that both "Before & After receiving write-up" he requested that prison staff "review videotape before deeming me guilty." (*Id.*). He argued that prison staff withheld information from him by failing to review the videotape in violation of his due process rights. (*Id.* at 14). The central office denied his appeal on March 1, 2012. (*Id.* at 15). It too determined that video evidence was

3

not necessary, and also noted that Petitioner "never asked to review any videotape at any stage of the disciplinary process." (*Id.*).

## DISCUSSION

The Court, in its discretion, applies the Rules Governing Section 2254 Cases in the United States District Courts to this case. *See* Rules Governing Section 2254 Cases in the United States District Courts, R 1(b).[1] This includes Rule 4, which requires that the Court "promptly examine" the Petition, and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief."

Among other circumstances, 28 U.S.C. § 2241 provides that the writ of habeas corpus extends to prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioners properly petition for a writ of habeas corpus under § 2241(c)(3) when they seek "what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v.* Broglin, 922 F.2d 379, 381 (7th Cir. 1991). "When there isn't even an indirect effect on duration of punishment . . . habeas corpus is not a permissible route for challenging prison conditions." *Robinson v. Sherrod*, 631 F.3d 839, 840-41 (7th Cir. 2011); *see also Smith v. Roal*, No. 11-cv-676, 2011 WL 4537943, at *2 (S.D. Ill. Sept. 29, 2011) ("The federal habeas corpus statute cannot be used to challenge conditions of

---

[1] *See also Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (holding Rule 4 takes precedence over the deadlines in 28 U.S.C. § 2243 and gives court discretion to set deadlines).

confinement; instead, it is used to attack the fact or duration of an inmate's confinement in prison by seeking an immediate or speedier release from custody.").

## I. Petitioner's claims regarding prison conditions

Many of Petitioner's claims are inappropriately brought under § 2241, as Petitioner is complaining about prison conditions rather than the fact or duration of his confinement. *See Robinson*, 631 F.3d at 840-41. For example, Plaintiff alleges that he is subjected to a racially discriminatory environment, and has submitted grievances complaining of "racial discrimination, cruel unusual punishment and differential treatments & invidious discrimination." (*See* Doc. 1 at 8, 21). Allegations that "various unnamed individuals within the Bureau of Prisons have . . . . [engaged] in various acts of harassment, discrimination, disciplinary action, and interference with . . . mail," but fail to allege any claims that have resulted in a "quantum change in the level of custody" cannot give rise to a petition for habeas corpus. *See Langan v. Bledsoe*, No. 08-cv-209, 2008 WL 1968546, at *1 (S.D. Ill. May 2, 2008); *see also Hill v. Scibana*, No. 04-C-657-C, 2004 WL 2055725, at *1 (W.D. Wis. Sept. 9, 2004) (claims that prison officials "have created racial and intimidating conditions of confinement" must be raised in a civil action rather than a petition for habeas corpus). Neither can complaints regarding excessive force in violation of the Eighth Amendment. *See Smith*, 2011 WL 4537943, at *2 (citing *Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010)). Here, Petitioner is not entitled to habeas relief on these claims because he does not link any of the retaliatory, malicious, vindictive, and unprofessional behavior of which he complains to any sort of change in the duration of his confinement.

5

If Petitioner wishes to pursue those claims, he may attempt to do so through a separate civil action, such as an action brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As recharacterizing a habeas petition as a civil rights suit can have implications that disadvantage the prisoner, the Court will not do so here, and further expresses no judgment as to the merits of these claims. *See Robinson*, 631 F.3d at 841.

**II. Petitioner's claim regarding the 2011 disciplinary proceeding**

Petitioner also asks that the Court expunge the "false report written in 2011." (Doc. 1 at 8). This refers to the May 11, 2011 incident for which he was ultimately found guilty for fighting on June 17, 2011. (*See id.* at 13-16, 23). Petitioner argues that he was denied due process during the hearing before the Disciplinary Hearing Officer because the officer did not consider camera evidence that was of an exculpatory nature. (*Id.* at 2).

Although it is currently unclear, Petitioner may be raising a valid claim for relief under § 2241. To the extent that Petitioner is seeking to expunge the results of the disciplinary proceeding solely because it was based upon a false report, his claim cannot proceed. *See McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999) (explaining that the Seventh Circuit has "long held that as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent."). However, Petitioner may be able to pursue a claim that he was not afforded constitutionally required procedural protections. An "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when

6

permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Prisoners are also "entitled to have exculpatory evidence disclosed unless its disclosure would unduly threaten institutional concerns." *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002).

To succeed on such a due process claim, Petitioner must also show that the prison sanctioned him by imposing an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Castro v. Hastings*, 74 F. App'x 607, 610 (7th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Petitioner does not indicate whether he received any consequences following the disciplinary proceeding. It is possible that Petitioner lost good time credits as a result of the disciplinary hearing. Inmates have a protected liberty interest in good time credits, *e.g. Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011), and Petitioner could bring a claim for restoration of wrongfully revoked good time credits pursuant to 28 U.S.C. § 2241. *See Smith*, 141 F. App'x at 481. As the Petition does not indicate whether the disciplinary proceeding deprived Petitioner of a liberty interest, it is deficient.

Rather than dismiss the Petition, the Court will provide Petitioner with the opportunity to submit an amended petition. In the amended petition, Petitioner should indicate where he was incarcerated during the 2011 incident and hearing, what, if any, procedural protections he believes he was denied during the hearing, and whether he faced any consequences as a result of the 2011 hearing. If he did, he should indicate what they were and the extent of them. Petitioner should limit his amended petition to his due process claim relating to the 2011 disciplinary hearing.

## CONCLUSION

Petitioner's claims relating to prison conditions are not properly before the Court as part of a § 2241 Petition, and are therefore DISMISSED without prejudice.

If Petitioner wishes to proceed on his due process claim that relates to the 2011 disciplinary hearing, he must file an Amended Petition by March 4, 2016. If Petitioner fails to file an amended Petition, his due process claim will be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Any amended Petition must stand on its own, as it will supersede and replace the current petition. Therefore, Petitioner must re-file any exhibits that he would like the Court to consider. IT IS SO ORDERED.

Entered this 2nd day of February, 2016.

                                                                       s/Joe B. McDade  
                                                                        JOE BILLY McDADE  
                                              United States Senior District Judge