UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ROBERT C. WHITE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 1:15-CV-1505-JBM |
| JEFF KRUEGER, | ) ) ) |
| Respondent. | ) |

## ORDER & OPINION

The matter before the Court is Petitioner Robert C. White's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Respondent has filed an Answer to the Petition (Doc. 5); however, the Petitioner failed to file a reply. For the reasons stated below, the Petition is denied.

Petitioner challenges the determination by the Disciplinary Hearing Officer (DHO) at the Federal Correctional Institution in Pekin, Illinois to revoke twenty-seven days of good conduct time because of an incident that occurred while Petitioner was incarcerated there. Petitioner alleges that the decision violated his due process rights, as articulated in *Wolff v. McDonell*, 418 U.S. 539 (1974), because the DHO failed to examine a video of the incident, which Petitioner claims would prove his side of the incident. Petitioner procedurally defaulted on his claim by failing to timely request the video be presented as evidence. Therefore, the Court denies White's Petition for Writ of Habeas Corpus.

## BACKGROUND

Petitioner is serving a 292 month sentence for a conviction of the distribution of cocaine base and a conviction of being a felon in possession of a firearm. (Doc. 5 at 1). He is currently incarcerated at the Federal Correctional Institution in Pekin, Illinois. *Id*. He filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging the loss of twenty-seven days of good conduct time arising from an incident on February 3, 2011. The incident is described by the incident report filed on May 17, 2011. (Doc. 5-5).

According to the report, Correctional Counselor C. Matthews was observing inmates walk to the dining hall for dinner. (*Id*. at 1). At that time, Counselor Matthews observed the Petitioner strike another inmate "with a closed fist to the upper torso." (*Id*. at 1). The other inmate then pushed Petitioner to the ground and began to kick and punch him. (*Id*. at 1). The inmates were separated, medically assessed, and then placed in the Special Housing Unit. (*Id*. at 1).

Petitioner contends that he did not strike the other inmate. Petitioner alleges that he only "had words" with the other inmate and then the other inmate "hit [him] in the back of [his] head which knocked [him] out." (*Id*. at 1). Petitioner was charged with the disciplinary infraction of "fighting with another person" for the incident.

Pursuant to the Federal Bureau of Prisons's Program Statement for Inmate Discipline and Special Housing Units, an investigating officer was referred to the incident to "thoroughly investigate the incident…and forward all relevant material to the staff holding the initial hearing." (Doc. 5-2 at 48). Lieutenant Parks was assigned to investigate the incident and he reported his findings in an incident report.

2

(Doc. 5-5). Part of his investigation included reviewing the videotape from the camera recording the area where the incident took place. *Id*. The video was irrelevant because the "view of the cameras that record the compound activities did not have any video of the incident." *Id*. The Unit Disciplinary Committee (UDC) reviewed the incident report and referred the incident to the DHO, because the recommended punishment could not be assessed by the UDC.

Petitioner received a notice of his impending DHO hearing, which informed him of his right to call witnesses and present evidence. (Doc. 5-7). On that form, the Petitioner indicated the name of two witnesses. *Id*. However, nowhere on that sheet does Petitioner indicate that he would like to present the video as evidence. *Id*.

The DHO Hearing occurred on June 17, 2011. The DHO Hearing report indicates that during the hearing, the DHO reviewed Petitioner's due process rights with him at the hearing and that the Petitioner "had no evidence to present" and that Petitioner was "ready to proceed with the hearing." (Doc. 5-8). The DHO found Petitioner guilty of the infraction of "fighting with another person" and disallowed twenty-seven days of good conduct time. *Id*. The conviction was based on the incident report, clinical encounter reports, photographs, and staff memoranda. *Id*.

On June 22, 2011, Petitioner filed a grievance with the Regional Director alleging that the DHO never "made any mention of [the] camera being reviewed." (Doc. 3-3). The Regional Director denied the appeal because the act was witnessed by a staff member, therefore video evidence was unnecessary because the Petitioner had failed to explain what the video would show that was different from the witness's account. (Doc. 3-4). Petitioner then filed an appeal with the Office of General Counsel

3

with the Bureau of Prisons. (Doc. 3-5). Again, Petitioner alleged that the videotape should be viewed. *Id*. Petitioner alleged that an officer doing rounds claimed it might not have happened how "she had written the incident." *Id*. Additionally, Petitioner alleged that he told Lieutenant Parks to review the video and that Parks later stated that the camera was not pointed in the right direction. *Id*. However, despite being told this, Petitioner still believed that the video needed to be viewed. *Id*. The General Counsel rejected the appeal, explaining that the Petitioner had failed to ask "to review the videotape at any stage of the disciplinary process." (Doc. 3-6).

## LEGAL STANDARDS AND DISCUSSION

A prisoner may file a writ for habeas corpus under 28 U.S.C. § 2241 to challenge the duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). Because good conduct time credits reduce the length of one's confinement, habeas corpus is an appropriate vehicle for challenging the loss of that time. *Waletzki v. Keohane*, 13 F.3d 1079, 1080-81 (7th Cir. 1994).

Good conduct time credits are a liberty interest; therefore, an inmate must be accorded with minimum procedural due process. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 453 (1985); *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001). The due process requirement at issue here is an inmate's right to present documentary evidence in his defense. *Superintendent*, 472 U.S. at 454 (citing *Wolff*, 418 U.S. 539). Petitioner claims his due process rights were violated when the video was not viewed during the DHO hearing that resulted in him losing twenty-seven days of good conduct time.

4

However, if a prisoner fails to properly request the evidence before or at the hearing, there is no denial of his due process rights. *Piggie v. McBride*, 277 F.3d 922, 924-25 (7th Cir. 2002). Petitioner did not ask officials for the video to be played during his DHO hearing. (Doc. 5-8). The DHO hearing report indicates that Petitioner had no evidence to present. *Id*. There is no evidence that Petitioner asked for the video to be shown at the disciplinary hearing until after the hearing had occurred. (Doc. 3-3). Therefore, the DHO did not deny Petitioner's due process rights because Petitioner failed to timely request the video evidence for his hearing.

Additionally, prisoners do not have an unfettered right to present any evidence they wish regardless of its relevance or necessity. *Piggie,* 277 F.3d at 924-25. Even if Petitioner had timely requested the video, the video was irrelevant. Lieutenant Parks reviewed the cameras during his investigation and found that the video did not capture the incident. (Doc. 5-5). Petitioner was informed in writing and in person that the video did not contain any relevant footage. (Doc. 5-5); (Doc. 3-5).

Because the camera did not capture the incident, it was irrelevant to the hearing. Because the video was irrelevant to the hearing, the DHO did not violate Petitioner's due process rights. *Estrada v. Holinka*, 420 F. App'x 602, 605 (7th Cir. 2011) (citing *Scruggs v. Jordan,* 485 F.3d 934, 940 (7th Cir. 2007) (explaining that due process was satisfied when officials viewed the video, deemed it irrelevant and not exculpatory, and gave inmate a summary of what was in the video).

## CONCLUSION

For these reasons, the Court finds Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241.

THUS, IT IS ORDERED:

    Plaintiff's petition for Writ of Habeas Corpus (Doc. 3) is DENIED. Plaintiff's Motion for Status Update (Doc. 6) is DENIED as moot. Case is TERMINATED.


Entered this _12th_ day of September, 2016.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                    United States Senior District Judge